# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5728 | **DATE** | 9/10/2003 |
| **CASE TITLE** | DONLYN DISTRIBUTION, INC., et al vs. BP AMOCO CORPORATION, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Plaintiffs' motion for clarification is granted in part and denied in part. The Defendants' motions to clarify are denied. [48-1, 49-1, 51-1] Status hearing set for 9/24/03 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | SEP 2 1 2003 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 53 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DONLYN DISTRIBUTION, INC., )
d/b/a DONLYN 2, INC., formerly )
Donlyn, Inc. an Illinois Corp. )
  and ) No. 01 C 5728
BARBARA MITCHELL, individually ) Judge Ronald A. Guzman
and on behalf of DONLYN )
DISTRIBUTION, INC. )
d/b/a DONLYN 2, INC. formerly )
Donlyn, Inc. an Illinois Corporation )
 )
  Plaintiffs, )     DOCKETED
 )
  v. )     SEP 1 2 2003
 )
BP AMOCO CORPORATION )
also known as BP Amoco Oil Co., )
and formerly Amoco Oil Co., )
a Maryland Corporation, )
 )
  and )
 )
CHICAGO TRANSIT AUTHORITY )
an Illinois Municipal Corp. )
 )
  Defendants. )

## MEMORANDUM OPINION AND ORDER

Pending are the parties motion to clarify this Court's Memorandum Opinion and Order of September 26, 2002. For the reasons set forth below these motions are granted in part and denied in part.

## BACKGROUND FACTS

On September 26, 2002 this Court issued a Memorandum Opinion and Order on Defendant BP Amoco Corporation ("B.P.") and the Chicago Transit Authority's ("CTA") motions to dismiss

1

Plaintiffs' First Amended Complaint. The motion to dismiss involved 12 volumes of memorandum and exhibits which contained in excess of 3,000 pages. The parties are now back before the Court seeking clarification of it's opinion.

Plaintiffs' motion for clarification seeks a commitment from this Court to retain supplemental jurisdiction under 28 U.S.C §1367(a) of all of Plaintiffs' state law claims. In addition, Plaintiffs seek an order from the court directing BP to file its answer to all state law claims, as well as to engage in discovery on all surviving state and federal claims against BP and the CTA.

BP's Motion for Clarification seeks a ruling that BP is not required to answer and/or otherwise produce discovery as to Plaintiffs' state law claims. In the alternative, BP seeks a ruling on its motion to dismiss Counts I-III of Plaintiffs' First Amended Complaint.

The CTA seeks clarification that the CTA is dismissed from this case as a whole. Each of the parties' arguments will be addressed in turn.

**1. Plaintiffs' Motion to Clarify**

Plaintiffs' first argument seeks an order from this Court retaining supplemental jurisdiction under 28 U.S.C. § 1367(a) of all the CTA's and BP's state law claims. (Motion to Clarify pg.1 ¶1). This argument is confusing at best in that, to date, the CTA and BP have not filed any state claims against Plaintiffs. We are guessing what Plaintiffs actually seek is an order from this Court as to its supplemental jurisdiction *over Plaintiffs' state law claims.*

This court has jurisdiction over Plaintiffs' federal claims under the federal question statute, 28 U.S.C. § 1331. Plaintiffs allege supplemental jurisdiction over their state law claims for failed contract cause of action (Count I), unjust enrichment (Count II), breach of contract against BP

(Count III), breach of contract against the CTA (Count IV), and fraudulent inducement against the CTA (Count V).

Supplemental jurisdiction is codified in 28 U.S.C. § 1367(a), which extends the jurisdiction of federal courts to all claims that are so related to the claim within the court's original jurisdiction that they form part of the same case or controversy within the meaning of Article III of the Constitution. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S.156, 164, 118 S. Ct. 523, 139 L. Ed. 2d 252 (1997) (citing 28 U.S.C. § 1367). Although § 1367(a) authorizes federal courts to exercise supplemental jurisdiction over state law claims, this does not mean that federal courts must exercise jurisdiction in all cases. *Id.* Rather, supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right... *Id.* Relinquishing pendent jurisdiction once federal claims are dismissed is the norm, not the exception. *Contreras v. Suncast Corp.*, 237 F. 3d 756, 766 (7th Cir.), *cert. denied*, —U.S.—, 122 S. Ct. 62, 151 L. Ed. 2d 29 (2001).

Plaintiffs argue that when the court made its determination that discovery should proceed only on Plaintiffs' § 1981 federal claim against BP it neglected to note that Plaintiffs' § 1981 claim against BP requires the contractual foundation factually articulated and incorporated by reference under Plaintiffs' state law contract claim against BP under Counts I, II and III (Plaintiffs' Motion For Clarification, page 4, ¶). Plaintiffs argue that denying Plaintiffs access to discovery under Plaintiffs' state law contract claims under Counts I, II and III against BP has denied Plaintiffs access to discovery that provides the foundations of Plaintiffs' § 1981 claim. (Plaintiffs' Motion to Clarify, page 3, ¶ 1). Plaintiffs further argue that under the prime contracts between BP and the CTA, under which Donlyn was an intended and specifically named third party beneficiary, Donlyn possesses a private right of action to sue for breach of the CTA contract. (Plaintiffs' Motion to

3

Clarify, page 3, ¶ 1).

We disagree. The basis of Plaintiffs' former federal claims and the surviving section 1981 claim is very different than the basis of Plaintiffs' breach of contract claims. Plaintiffs have alleged that BP intentionally discriminated against Plaintiffs and deprived Plaintiffs of their rights to make and enforce contracts in violation of 42 U.S. C. §1981 (Complaint ¶¶ 180 & 181). Plaintiffs claim that they were excluded and treated differently from other similarly situated non-minority owned and operated entities on the basis of its owner, Barbara Mitchell's race. (Complaint ¶ 187). Plaintiffs allege that BP used the CTA's Disadvantaged Business Enterprise Program ("DBE"), intended to remedy both past and present racial discrimination under public contracts, to create racially discriminatory, if not racially predatory, and exploitive DBE allocation schemes. (Plaintiffs' Motion to Clarify, Page 2, ¶). Moreover, Plaintiffs allege that BP intentionally designed sharecropper-like arrangements intended to eliminate minority, and only minority, subcontractors from the CTA's fuel contracts and the petroleum industry entirely. (Id.).

The above allegations involve the issue of intentional discrimination. The facts supporting intentional discrimination are what the Court will focus in analyzing Plaintiffs' section 1981 claim against BP. The issue of the viability of the parties contract, whether it was fraudulently induced, etc. forms the basis of Plaintiffs' state law claims. We are dealing with two very distinct causes of action, and hence it cannot be concluded that the causes arise out of the same nucleus of operative facts as Plaintiffs contend. For example, in the breach of contract action Plaintiffs are alleging that the contract did not provide compensation for some of the fuel transported (Id). This argument is very different from Plaintiffs' earlier arguments that BP Amoco treated non-minority owned entities differently.

4

In light of the fact that little or no discovery has to taken place in this 2001case we are ordering discovery as to all remaining claims in this case. This does not mean, however, that the Court agrees to exercise supplemental jurisdiction over Plaintiffs' state law claims in the event that the Court concludes there is no basis for federal question jurisdiction. As noted above relinquishing pendant jurisdiction once federal claims are dismissed is the norm, not the exception. *See Contreras v. Suncast supra.* Plaintiffs' request that BP file an answer to all state law claims and the remaining federal claim is hereby granted. Discovery is to proceed on all remaining claims.

**2. B.P's Motion to Clarify**

BP seeks an order from this Court staying discovery on Plaintiffs' state law claims. In light of the above we decline to enter such an order. As to the legal adequacy of Count I we deny BP's motion to dismiss Count I. We agree with BP that the contract which is attached to the complaint expressly sets forth the terms of the contract, the rates in question and contains an integration clause. BP seeks a declaration that the contracts are valid and enforceable. At this stage we cannot make that determination.

Plaintiffs have alleged misrepresentations made by BP representatives as to terms of the equipment made at the time of contracting (First Amended Complaint Count I page 4, ¶22). Further, in paragraphs 33 and 34 of Count I Plaintiffs allege that the Supply Agreement was intended to encompass both the remainder of the CTA 1997 Contract and all of the CTA 1999 contract. Plaintiffs further allege that BP was selective in disclosing the specific performance obligations under the cartage/transport portion of the CTA fuel procurement contracts. (First Amended Complaint Count I ¶¶ 33 and 34). These allegations, taken as true by the Court, directs denial of BP's motion to dismiss Count I. The same reasoning applies to Count II. As to Count

III, BP argues that Plaintiffs were not intended beneficiaries under the BP-CTA contracts, and have no legally cognizable rights under the contract. BP cites to *Cosby v. Ward,* 843 F. 2d 967, 981 (7th Cir. 1988). This case is insufficient to support the legal conclusion that Plaintiffs under no circumstances could be third party intended beneficiaries in a government contract situation such as this *See i.e. Organization of Minority Vendors, Inc. v. Illinois Cental Gulf R.R.,* 579 F. Supp. 574, 600 (N.D. Ill. 1983). Summary judgement is the more appropriate motion to resolve this type of issue.

**The CTA's Motion to Clarify**

***The CTA seeks an order that it is entirely dismissed from this case. We deny this motion.*** In reviewing Plaintiffs' First Amended complaint the Court has noted that the Plaintiffs in paragraph 212 of Count VII raise an equal protection claims as guaranteed by the Fourteenth Amendment. The complaint later alleges that the CTA treated Plaintiffs differently than other non-minority owned entities (First Amended Complaint page 52, ¶ 212 d)). *Wiley* primarily addressed protected property interest in the context of due process for section 1983 claims and did not discuss equal protection. *See Willey* at 187 F.3d 743, 750 (7th Cir. 1999). In light of Plaintiffs' equal protection allegations we find that the section 1983 claim against the CTA should not have been dismissed. Because Plaintiffs have set forth no facts as to why BP might be treated as a state actor Plaintiffs' section 1983 claim remains dismissed as to BP. Thus, the CTA will answer Count VIII of Plaintiffs' complaint as well as engage in discovery as to Plaintiffs' state law claims. Therefore, the CTA's motion is denied.

## CONCLUSION

The Plaintiffs' motions for clarification is granted in part and denied in part. The

Defendants' motions to clarify are denied [##48-1, 49-1, 51-1].

So Ordered. 9/10/03          Entered: /s/ Ronald A. Guzman
                             Ronald A. Guzman
                             United States Judge

7